NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30443 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00042-SEH-1 |
| v. | |
| JEREMY LESLIE ADAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 1, 2010[**]
Portland, Oregon

Before:   W. FLETCHER and FISHER, Circuit Judges, and BURY, District
Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

Jeremy Leslie Adams appeals from his conviction and sentence for sexually abusing his cousin after a night of heavy drinking, in violation of 18 U.S.C. §§ 1153(a), 2242(2)(B). We affirm.

Adams' conviction is supported by sufficient evidence. The evidence adduced at trial, viewed in the light most favorable to the prosecution, was adequate to allow any rational trier of fact to find the essential element of sexual penetration beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc). The victim's testimony was, as the district court explained, graphic, specific, detailed and believable. Although Dr. Uphues' examination did not find evidence of penetration, nothing in the doctor's findings required the jury to disbelieve the victim's testimony.

Adams' 200-month sentence is free from procedural error and substantively reasonable. The district court correctly calculated the Sentencing Guidelines range, used the guidelines range as a starting point, considered the sentencing factors enumerated in 18 U.S.C. § 3553(a) and adequately explained the basis of its decision. The court reasonably determined that Adams' criminal history score does not significantly overstate his criminal history. The court considered Adams' history of mental illness and intoxication as mitigating factors, but reasonably determined that other factors – including the seriousness of this offense, Adams'

extensive criminal history and Adams' disregard for the law and the rights of others – weighed against the variance sought by Adams. The sentence is not unreasonable. *See Gall v. United States*, 552 U.S. 38, 59-60 (2007) ("On abuse-of-discretion review, the Court of Appeals should [give] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.").

**AFFIRMED.**